*32 MEMORANDUM
COS, J.
Two hearings have been had on the petition. After the first, October 4, 1935, and October 7, 1935, which was an extended oral hearing the court of its own motion directed that a further hearing be had at which data might be. submitted by the Navy Department, and the family or relatives of the petitioner, if any of them were available (at the first hearing it had been stated that a brother had been appointed as his committee in Ohio). On the second hearing, on October 15, 1935, no data or information was submitted by or from his family, and the Navy Department submitted the petitioner’s medical record covering his service in the Navy. This record the petitioner and his counsel were permitted to take from the court for the purpose of submitting in writing any comments desired to be made with respect thereto and decision was delayed awaiting the return of the record and comments. Neither the record nor any comments thereon have been returned although informal requests for further oral hearings have been made.
The court is convinced there is no necessity for submitting issues to a jury in this cause and nothing to be gained from any further hearing.
MEMORANDUM DISCHARGING WRIT
COS, J.
The Secretary of the Navy acted under authority of law in committing the petitioner, a retired naval officer, to the hospital for treatment, and the superintendent of the hospital has authority to detain him for treatment until he has recovered and is under the duty to discharge him when he has recovered.
The superintendent finds that the petitioner is in need of care and treatment in the hospital. An extended hearing *33 has failed to show that the superintendent’s conclusion is in any respect arbitrary or unreasonable. The court is unable to find from the evidence that the petitioner has no need of care and treatment.
The petition for habeas corpus is accordingly dismissed and the writ discharged.